CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRITTNEY BRANCH,

Plaintiff,

v.

FABOR, *et al.*,

Defendants.

Case No. 7:26-cv-00515

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

---

Plaintiff Brittney Branch, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Fabor, Kilgore, and Greer. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In her complaint, Plaintiff states as follows:

> My med work for no reason say [*sic*] Suboxone[.] And there [*sic*] refusing to give it back. I didn't violate no [*sic*] Matt[1] [*sic*] rules. I have/had no in-house charge & need my meds back ASAP.

(*Id.* at 2.) Plaintiff fails to identify which Defendant engaged in which allegedly wrongful acts, and, aside from a general listing of Defendants on a form complaint, fails to mention them in her pleading.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon

[1] Plaintiff likely meant to refer to "MAT," which stands for "medication-assisted treatment" as is used to treat drug addiction. *See Chamberlain v. Va. Dep't of Corr.*, No. 7:20-cv-00045, 2021 WL 4100354, at *1 (W.D. Va. Sept. 9, 2021).

which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files her complaint *pro se*, the court construes the allegations in her favor liberally and should not dismiss her claim unless "it appears certain that [she] cannot prove any set of facts in support of [her] claim entitling [her] to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based

upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in her favor, Plaintiff has failed to allege facts that would show that any defendant violated her constitutional rights, and the court must therefore dismiss her claims.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Plaintiff does not allege a personal connection between any of Defendants and the alleged violation of her rights, and she cannot rely merely on the allegation that "defendants" violated her rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Because Plaintiff has failed to allege individual actions by any Defendant that allegedly violated her rights, she has failed to state a claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 17th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE